No. 84-290

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

MONTANA POWER COMPANY,
a Montana corporation,

Plaintiff and Petitioner,

-vs-

THE PUBLIC SERVICE COMMISSION OF
THE STATE OF MONTANA and its members
THOMAS J. SCHNEIDER, JOHN B. DRISCOLL,
HOWARD L. ELLIS, CLYDE JARVIS and
DANNY OBERG,

Defendants and Respondents.

---

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

For Petitioner:

Daniel O. Flanagan, John J. Burke, John L. Peterson,
Dennis L. Lopach, Pamela K. Merrell, Butte, Montana
(Helena, Montana)

For Respondents:

Eileen E. Shore, Public Service Commission, Helena,
Montana

For Intervenors:

James C. Payne & John C. Allen, Montana Consumer Counsel,
Helena, Montana
Kurt Krueger, Butte, Montana and Robert Rowe, Missoula,
Montana for Butte Community Union, Montana Legal Services,
Montana Association for Senior Citizens
Patrick L. Smith, Northern Plains Resources Council,
Billings, Montana
Daniel & Jeanne Kemmis, Human Resources Council, Missoula,
Montana
John Doubek & Richard Pyfer, Montana Irrigators, Helena,
Montana
Donald W. Quander, ASARCO, Billings, Montana
C. William Leaphart, Champion International & CONOCO,
Helena, Montana
Capt. Edwin T. Peterson, Judge Advocate, U.S. Air Force,
Great Falls, Montana
Robert L. Deschamps, Missoula County, Missoula, Montana
James Robischon, Atlantic Richfield & Stauffer Chemical Co.,
Butte, Montana
Charles W. Kuether, Great Falls Gas Co., Great Falls
Grant E. Tanner, D.S.I., Portland, Oregon

---

Submitted:  August 10, 1984

Decided:  August 22, 1984

Filed: AUG 22 1984

_Ethel M. Harrison_
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

On July 3, 1984, the Montana Power Company filed an application with this Court requesting that the Court assume original jurisdiction of a petition and complaint for declaratory judgment and/or writ of mandate or other appropriate relief. We have determined that original jurisdiction will be assumed by this Court. A briefing schedule is herein established.

All parties agree that Rule 17, M.R.App.Civ.P. governs this Court's exercise of original jurisdiction. Rule 17 provides: "The institution of such original proceedings in the supreme court is sometimes justified by circumstances of an emergency nature, as when a cause of action or a right has arisen under conditions making due consideration in the trial courts and due appeal to this court [Montana Supreme Court] an inadequate remedy, . . ."

The substantive issue being litigated is whether a coal fired generator known as Colstrip #3 should be included in the rate base so that the reasonable cost of Unit 3 is born by the ratepayers. Unit 3 has been providing electricity for the past 8 months. The Montana Power Company is not recouping a return on its investment in Colstrip 3 or its operation and maintenance expenses associated with the generation of that electricity. If the company's position on the issue presented to this Court is correct, then the revenues it would be earning could be permanently lost as no remedy has yet been recognized for the restoration of such revenues.

There can be no dispute that the issue being litigated is of statewide importance. The significance of the issue was emphasized by the Public Service Commission in its

"Motion for Extension of Time for Filing Return, Brief and Presenting Oral Argument" filed in this matter on July 10, 1984. In that motion, the PSC stated in part:

"The issue rasied by MPC's appeal will have profound and far-reaching effects on both MPC and the people of Montana.

". . .

"Whether one views the issue presented by MPC in this case from a ratepayers viewpoint or from the utility's viewpoint, it is one that has major ramifications for the State of Montana. It involves the statutory interpretation of a very significant and fundamental law governing construction of major facilities in this State (75-20-101-et seq., MCA). It also involves a public utility statute that goes to the heart of the PSC's regulatory jurisdiction over the State's public utilities."

On numerous occasions this Court has accepted original jurisdiction to hear cases having statewide impact and where significant governmental policy was involved. In State ex rel. Ward vs. Anderson et al., (1971), 158 Mont. 279, 491 P.2d 868, the plaintiff, an elector and taxpayer of Lewis and Clark County, sought a declaratory judgment respecting authority of the Board of Examiners to issue and sell long-range building program bonds. The Court accepted original jurisdiction because a legislative act was called into question vitally affecting Montana's education and highway programs. Likewise, in Guillot v. State Highway Commission (1936), 102 Mont. 149, 56 P.2d 1072, plaintiff sought to invoke original jurisdiction of this Court to prohibit the State Highway Commission from expending funds for the erection of a highway building. In accepting original jurisdiction the Court emphasized that it was doing so because interests of the public were involved in the controversy and the threatened harm was imminent.

The most recent controversy involving public interest questions, wherein this Court assumed original jurisdiction,

3

was Grossman v. Dept. of Natural Resources, et al., (1984), 41 St.Rep. 804. The question at the heart of the controversy was authorization for the DNRC to sell revenue bonds for funding Montana's water resources program. We there assumed original jurisdiction because the decision would be of statewide significance and because delay in making that decision did not serve the public interest.

We find that the requirements of Rule 17, M.R.App.Civ.P. have been satisfied. The resolution of this controversy affects people throughout the state. Delay could result in irreparable harm to the Montana Power Company. Assumption of jurisdiction may also promote judicial economy.

We are reluctant to further discuss a basis for jurisdictional assumption which might be interpreted as a predetermination of the substantive issue. Nothing herein should be construed to indicate a position on the question to be ultimately decided.

We assume jurisdiction to decide the narrow legal question of whether the certificate issued by the Board of Natural Resources and Conservation is conclusive and binding on the Public Service Commission. The Montana Power Company will file its opening brief by the 27th day of September, 1984. The remainder of the briefs will be filed pursuant to the rules governing briefs. After briefs are filed the case will be set for oral argument.

Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

_____
Hon. Robert W. Holmstrom
District Court Judge
sitting in place of Justice
John C. Sheehy

5

Mr. Justice Daniel J. Shea, dissenting:

Since I have been on this Court, I have adhered to the view that the special jurisdiction of this Court should not be invoked where the party invoking it has an appeal whereby all the issues can be presented. I adhere to this view today. This case is too complex and too important to decide on a piecemeal basis ------- the choice of the majority.

The decision to take jurisdiction rests not on the invocation of sound judicial principles, but rather on the use of raw judicial power to achieve the results sought by a majority of this Court. The invocation of a phrase which I have heard often within the inner sanctums of this Court aptly summarizes the decision to take jurisdiction: "If we are to say aye, who is there to say nay?"

The emergency provisions stated in Rule 17, do not apply here, the majority pronouncement, notwithstanding. First, that a decision may affect many people throughout this state is no basis for assuming jurisdiction. Many cases we decide affect people in this state in one way or another, and yet we normally do not let the parties involved bypass the normal appeal procedures. Moreover, a decision not to take jurisdiction would ultimately place this Court in a much better position to reach a decision based on an understanding of the entire case.

Second, the delay involved in not taking jurisdiction will not work irreparable harm upon the utility, for it is but a normal risk of business that an appeal must start in the District Court before it can get to the Supreme Court. The fact that if the utilities later win in the District Court or before this Court, they cannot recoup their lost

- 6 -

revenues incurred during the time delays, is simply a cost of doing business, a cost that all utilities other than the Montana Power Company seem to be required to bear. If this Court believes irreparable harm is proved by a utility's inability to recoup losses during the judicial delays, then every utility in this state should have the same right to bypass appeals to District Court and to come straight to this Court for its requested relief.

Third, the order says that judicial economy "may" be promoted, but nothing in the order indicates where judicial economy "may" be furthered. Nor is the possibility that judicial economy "may" be furthered sufficient reason for this Court to assume jurisdiction. This Court should be convinced that, and its order should set out, precisely how judicial economy will be promoted. Depending on the proceedings involved and the state of the record, it is just as likely that this Court's constant intervention and interruption of the normal process of judicial proceedings will have the effect of delaying and muddling the record beyond redemption.

Nor do I have the slightest idea of what is in the mind of those signing the majority order where they state they are reluctant to discuss another basis for jurisdiction for fear of disclosing their hands on the substantive issue itself. If the majority has unstated reasons for assuming jurisdiction, it appears that they have decided the substantive issue in their own mind, despite their protestations to the contrary.

Finally, in defining the issue THE COURT ~~it~~ will decide, those signing the majority order use the broadest possible language in stating or defining the issue. What is meant by the issue

- 7 -

being stated as "whether the certificate issued by the Board of Natural Resources and Conservation is conclusive and binding on the Public Service Commission?" Conclusive and binding on all facts or issues decided, or conclusive and binding on more limited facts or issues decided?

Further, the order of the majority mistakenly states that the substantive issue being litigated is whether Colstrip No. 3 should be included in the rate base. As framed by the application and briefs submitted to this Court, the sole substantive issue presented is whether the determination of need made almost ten years ago by the ~~Bureau~~ *Board* of Natural Resources and Conservation was intended by this State's legislature to encompass all of the considerations implicit in the PSC's subsequent determination of used and useful, and whether the ~~Bureau~~ *Board* of Natural Resources and Conservation's decision was thereby intended to preclude any further consideration by the PSC of the need for Colstrip No. 3's power. Even if this Court does decide that the ~~Bureau~~ *Board* of Natural Resources and Conservation has the sole legislative authority to determine the need for Colstrip No. 3's power, the issue of whether the PSC is obligated, pursuant to section 69-3-109, MCA, to include any of the cost of Colstrip No. 3 in the rate base will be left undecided, as this issue has not been presented to this Court. Again, this is the danger with bringing a case as vast and complex as the present before this Court on a piecemeal basis. With nothing more before it than mere allegations of emergency, this Court has decided to forego the benefits of a complete, informative record and a clear and exhaustive determination of the substantive issues.

_____
Justice

- 8 -